**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff,<br><br>v.<br><br>**MILTON CALIEL RODRIGUEZ-MEDERO, A/K/A "Cali," "Arabe," "El Arabe," "Calibre," "Gavilan," "Calin," "K," "Cali P,"** Defendant. | **CRIMINAL NOS. 21-085 (SCC)**<br>**22-343 (SCC)** |

**PLEA AND FORFEITURE AGREEMENT**

MRM

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Milton Caliel Rodriguez-Medero, a/k/a "Cali, "Arabe," "El Arabe," "Calibre," "Gavilan," "Calin," "K," "Cali P," and Defendant's counsel, Wilfredo Diaz-Narvaez, Esq. & Yasmin Irizarry, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Counts One and Six of the Indictment in case 21-085 and Count One in case 22-343:

Count One of 21-085: From at least in or about August, 2015 and continuing up to and until the return of the instant Indictment, in the Municipalities of San Juan, Carolina and Trujillo Alto, District of Puerto Rico and within the jurisdiction of this Court, the defendant, did knowingly and intentionally, combine, conspire, and agree

with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Jardines del Paraiso Public Housing Project, Jardines de Monte Hatillo Public Housing Project, Las Dalias Public Housing Project, Monte Park Public Housing Project, Jardines de Campo Public Housing Project, San Martin Public Housing Project, Jardines de Country Club, Ernesto Ramos Antonini Public Housing Project, La Esmeralda Public Housing Project, Nuestra Senora de Covadonga Public Housing Project, housing facilities owned by a public housing authority and Los Claveles Condominium and Buen Consejo Ward, all within one thousand (1,000) feet

of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

Count Six of case 21-085: From at least August, 2015 and continuing up to and including the return of the instant Indictment, in the Municipalities of San Juan, Carolina and Trujillo Alto, District of Puerto Rico, the defendant did knowingly and unlawfully possess firearms, of unknown make and caliber, as that term is defined in Title 18, United States Code, Section 921(a)(3), in furtherance of a drug trafficking crime for which they may be prosecuted in a Court of the United States, that is possession with intent to distribute controlled substances. All in violation of Title 18, United States Code, § 924(c)(1)(A).

Count One of case 22-343: From in or about April 2021, and continuing up to and until the return of the instant Indictment, in the Municipality of San Juan, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant and other persons herein charged, did knowingly and intentionally combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute controlled substances, to wit: one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of

cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or a substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; a mixture or substance containing a detectable amount of Alprazolam (commonly called Xanax), a Schedule IV Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the Jardines de Country Club Public Housing Project. All in violation of Title 21, U.S.C.§§ 841(a)(1), 846, and 860.

**2. Maximum Penalties**

Count One of 21-085: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not less than 10 years nor more than two terms of life in prison pursuant to 21 U.S.C. §§ 860(a) & 841(b)(1)(A); a fine not to exceed $20,000,000; and a supervised release term of at least 10 years, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 860.

WPM1 MRM

DPR

Count Six of 21-085: The maximum statutory penalty for the offense charged in Count Six of the Indictment in case 21-085, is a term of imprisonment of not less than 5 years nor more than life in prison pursuant to 18 U.S.C. § 924(c); a fine not to exceed $250,000; and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

Count One of 22-343: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not less than 10 years

nor more than two terms of life in prison pursuant to 21 U.S.C. §§ 860(a) & 841(b)(1)(A); a fine not to exceed $20,000,000; and a supervised release term of at least 10 years, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 860.

**3. Sentencing Guidelines Applicability**

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

WDN

**4. Special Monetary Assessment**

DPR

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

MRM

**5. Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

**6. Sentence to be Determined by the Court**

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

**7. Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant as to Count One in both cases 21-085 & 22-343. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| **SENTENCING GUIDELINES CALCULATIONS COUNT ONE OF 21-085 21 U.S.C. §§ 841, 846 and 860** | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(5) | | | | | 30 |
| Protected Location §2D1.2 | | | | | +2 |
| Leadership §3B1.1(c) | | | | | +3 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **32** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 |

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE OF 22-343 21 U.S.C. §§ 841, 846 and 860 | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(5) | | | | | 30 |
| Protected Location §2D1.2 | | | | | +2 |
| Leadership §3B1.1(c) | | | | | +4 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | | | | **33** |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | 235-293 |

As to Count Six, the United States and Defendant submit that pursuant to United States Sentencing Guidelines § 2K2.4(b), a defendant that is convicted of violating 18 U.S.C. § 924 (c)(1)(A), has a guideline sentence equal to the minimum term of imprisonment required by statute. In the present case, pursuant to 18 U.S.C. § 924(c)(1)(A)(i), there is a minimum term of imprisonment of 60 months.

**8. Sentence Recommendation**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), as to Count One of case 21-085, the parties will jointly recommend 120 months of incarceration. As to Count One of 22-343, the parties will jointly recommend 120 months of incarceration and that the sentence run concurrently to the sentence imposed in Count One of case 21-085. Both parties will recommend a sentence of 60 months as to Count Six of case 21-085 and that it run consecutively to the other 2 sentences. In other words, the parties will jointly recommend a total of 180 months of incarceration.

The parties agree that cases 21-085 and 22-343 are not relevant conduct to each other.

**9. No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for Defendant.

**10. Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 180 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11. No Further Adjustments or Departures**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12. Satisfaction with Counsel**

Defendant is satisfied with counsel, Wilfredo Diaz-Narvaez & Yasmin Irizarry, Esq., and asserts that counsel has rendered effective legal assistance.

WDN MRM

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

WDN

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

MRM

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14. Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

**15. Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

WDN 1

**16. Entirety of Plea Agreement**

DPR

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

MRM

**17. Amendments to Plea Agreement**

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

**18. Dismissal of Remaining Counts**

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

**19. Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

**20. Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

**21. Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby

agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**22. Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

**23. Firearms and Ammunition Forfeiture**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest in any firearms and ammunition involved or used in the commission of the offense.

**24. Forfeiture Provision**

Pursuant to this Plea Agreement, the defendant agrees to forfeit to the United States any drug proceeds or substitute assets for that amount, which constitutes or is derived from proceeds generated or traceable to the drug trafficking offense in violation of 21 U.S.C. §§841, 846 and 860. Further, defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations up to the amount stated above. The defendant agrees to identify all assets over which the

defendant exercises or exercised control, directly or indirectly, within the past three years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than $1,000 that, within the last three years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

W. Stephen Muldrow
United States Attorney

Teresa Zapata-Valladares
Assistant U.S. Attorney
Deputy Chief, Gangs Section
Dated: 4.11.2023

Wilfredo Diaz-Narvaez &
Counsel for Defendant
Dated: 5/9/2023

Joseph Russell
Assistant U.S. Attorney
Dated: 11 April 2023

Yasmin Irizarry, Esq.
Counsel for Defendant
Dated: 5/9/23

Milton Rodriguez Medero
Milton Caliel Rodriguez-Medero
Defendant
Dated: 5/9/23

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 5/9/23

Milton Rodriguez Medero
Milton Caliel Rodriguez-Medero, Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defenpdant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 5-9-2023

Wilfredo Diaz-Narvaez, Counsel for Defendant

Date: 5/9/23

Yasmin Irizarry, Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in these cases, the Defendant Milton Caliel Rodriguez-Medero, A/K/A "Cali," "Arabe," "El Arabe," "Calibre," "Gavilan," "Calin," "K," "Cali P," admits that Defendant is guilty as charged in the Indictments in 21-085 and 22-343 and admits the following:

**Case 21-085:**

From at least in or about August, 2015 and continuing up to and until the return of the Indictment in 21-085, in the Municipalities of San Juan, Carolina and Trujillo Alto, District of Puerto Rico and within the jurisdiction of this Court, the defendant, did knowingly and intentionally, combine, conspire, and agree with others, known and unknown, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly

known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising the Jardines del Paraiso Public Housing Project, Jardines de Monte Hatillo Public Housing Project, Las Dalias Public Housing Project, Monte Park Public Housing Project, Jardines de Campo Public Housing Project, San Martin Public Housing Project, Jardines de Country Club, Ernesto Ramos Antonini Public Housing Project, La Esmeralda Public Housing Project, Nuestra Senora de Covadonga Public Housing Project, housing facilities owned by a public housing authority and Los Claveles Condominium and Buen Consejo Ward, all within one thousand (1,000) feet of a real property comprising a public or private school and/or playground. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860. The object of the conspiracy was the large-scale distribution of controlled substances for significant financial gain and profit.

Defendant Milton Caliel Rodriguez-Medero acted as a leader of the drug trafficking carried out by the Drug Trafficking Organization 65 Inc. during the span of the conspiracy in case 21-085. As such, Defendant would directly control and supervise the drug trafficking activities at various drug points. Defendant would also purchase multi-kilogram quantities of narcotics and oversee the transportation and sale of such narcotics at the various drug points. Defendant would also purchase firearms and allow members of the conspiracy to carry such firearms and ammunition to protect the drug distribution activities. While multiple kilograms of heroin, cocaine, cocaine

base "crack" and marijuana were distributed during the conspiracy, for the sole purpose of this plea agreement, the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least5 but not more than 15 kilograms of cocaine.

Defendant acknowledges that, during the span of the conspiracy in case 21-085, he possessed a firearm in furtherance of the drug trafficking carried out by the organization.

**Case 22-343:**

From in or about April 2021, and continuing up to and until the return of the Indictment in case 22-343, in the Municipality of San Juan, in the District of Puerto Rico, and within the jurisdiction of this Court, MILTON CALIEL RODRIGUEZ-MEDERO, A/K/A "Cali," "Arabe," "El Arabe," "Calibre," "Gavilan," "Calin," "K," "Cali P," and other persons herein charged, did knowingly and intentionally combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute controlled substances, to wit: one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; two hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance;

one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or a substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; a mixture or substance containing a detectable amount of Alprazolam (commonly called Xanax), a Schedule IV Controlled Substance; all within one thousand (1,000) feet of the real properties comprising housing facilities owned by a public housing authority, that is, the Jardines de Country Club Public Housing Project. All in violation of Title 21, U.S.C.§§ 841(a)(1), 846, and 860. The object of the conspiracy was the sale of those controlled substances at those locations for significant financial gain and profit.

Defendant acted as the leader of the drug trafficking organization El Polvorín (DTO) in case 22-343 beginning in or about April 2021. As such, Defendant would give instructions from prison to other members of the DTO regarding the purchase and sale of narcotics, the use of firearms, and the use of the proceeds from the sale of narcotics. Defendant gave instructions via phone from jail. Defendant admits that, while multiple kilograms of cocaine, heroin, crack and marihuana were possessed by this DTO, from April 2021 to the return of the Indictment in case 22-343, Defendant conspired to possess with intent to distribute at least 5 but not more than 15 kilograms of cocaine.

THIS SPACE INTENTIONALLY LEFT BLANK
PLEA AGREEMENT CONTINUES ON FOLLOWING PAGE

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt in Counts One and Six of the Indictment in 21-085 and Count One of the Indictment in 22-343.

Discovery, in both cases, was timely made available to Defendant for review.

Joseph Russell
Assistant U.S. Attorney
Dated: 11 April 2023

Wilfredo Diaz-Narvaez
Counsel for Defendant
Dated: 5/9/23

Yasmin Irizarry, Esq.
Counsel for Defendant
Dated: 5/9/23

Milton Rodriguez Medero

Milton Caliel Rodriguez-Medero
Defendant
Dated: 5/9/23